PREET BHARARA
United States Attorney
Southern District of New York
By:    MARA E. TRAGER
       ELLEN M. LONDON
Assistant United States Attorneys
86 Chambers Street, 3rd Fl.
New York, NY 10007
Tel.: (212) 637-2799/2737
Fax: (212) 637-2702
Email: Mara.Trager@usdoj.gov
       Ellen.London@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,                        :

                    Plaintiff,                   :

                                                 :       15 Civ. 8630 (NSR)

            v.                                   :
                                                         STIPULATION AND
                                                 :       ORDER OF DISMISSAL

YONKERS CONTRACTING, INC.            ,           :

                    Defendant.                   :
-------------------------------------------------------------X

   WHEREAS, the United States of America ("United States") commenced this action by

filing a complaint in this Court (the "Complaint") against Yonkers Contracting Inc. ("Yonkers"

or "Defendant") under the False Claims Act and common law arising from Defendant's alleged

violation of regulations designed to ensure the participation of disadvantaged business

enterprises ("DBEs");

   WHEREAS, these regulations are intended to provide opportunities for businesses owned

by socially and economically disadvantaged individuals, such as minorities and/or women,

possessing the required skills to perform work on construction projects funded, at least in part,

by the federal government;

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11 | 6 | 2015

WHEREAS, the United States contends that it has certain civil claims against the Defendant under the False Claims Act, codified at 31 U.S.C. §§ 3729-3733, and the common law, as specified below, for engaging in the following conduct (collectively the "Covered Conduct"):

Defendant engaged in fraudulent conduct designed to take advantage of the DBE regulations in order to secure a contract (Contract # D260081) on a federally-funded project for highway rehabilitation and installation of noise barriers along I-287, the Cross-Westchester Expressway, as well as the replacement or refurbishment of several bridges (the "I-287 Project") by falsely representing that a company called Global Marine Supply Co. ("Global Marine") had performed a commercially useful function on the project, when in fact it had not.

Defendant falsely certified that the work being performed by Global Marine qualified for DBE credit when it knew that was not the case, and knowingly presented and/or caused to be presented false or fraudulent claims for payment for the work from federal funds to the New York State Department of Transportation ("NYSDOT");

WHEREAS, the United States seeks to recover damages and civil penalties from Defendant under the False Claims Act, 31 U.S.C. §§ 3729-33, and common law;

WHEREAS, the parties desire to reach a full and final settlement and compromise of the claims that the United States asserts against Defendant by entering into this stipulation of settlement (the "Stipulation");

NOW, THEREFORE, it is hereby ORDERED as follows:

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

2.      Defendant admits, acknowledges, and accepts responsibility for the fact that it submitted and caused monthly reports to be submitted to NYSDOT that constituted false

2

statements in violation of applicable regulations designed to encourage the participation of disadvantaged business enterprises in federally-funded construction projects. Specifically, Defendant submitted forms to NYSDOT representing that a certain DBE was performing certain work and being paid a certain amount under the Contract when, in fact, payment was made to the DBE under circumstances in which the firm did not qualify for consideration as a DBE. As a result, Defendant's claims for DBE credit violated the Contract and applicable DBE regulations.

3.      Within 15 days of the Effective Date (defined below), Defendant shall pay to the United States a total of $2,600,000 (the "Settlement Amount") by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Southern District of New York.

4.      Subject to the exceptions in Paragraph 6 (concerning excluded claims) below, and conditioned upon Defendant's full payment of the Settlement Amount, and subject to Paragraph 13 below (concerning bankruptcy proceedings commenced within 91 days of the Effective Date or any payment made under this Stipulation), the United States releases Yonkers and all of its current and former officers, directors, employees, affiliates, and assigns from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; and the common law theories of payment by mistake, unjust enrichment, and fraud.

5.      Notwithstanding any term of this Stipulation, including the releases provided in paragraph 5 any and all of the following are specifically reserved and excluded from the scope and terms of this Stipulation:

3

a.     Any civil, criminal or administrative liability arising under Title 26, U.S,
Code (Internal Revenue Code);

b.     Any criminal liability;

c.     Except as expressly stated in this stipulation, any administrative liability,
including the suspension and debarment rights of any federal agency;

d.     Any liability to the United States (or its agencies) for any conduct other
than the Covered Conduct;

e.     Any liability based upon such obligations as are created by this
Stipulation; and

f.     Any liability to the United States of any person or entity, including but not
limited to any joint tortfeasor who or that is not released by the terms of
this Stipulation.

6.          The Defendant shall be in default of this Stipulation if it fails to make the payment set forth in paragraph 3.  The United States will provide written notice of the default, to be sent by first-class mail to the undersigned attorneys for the Defendant.  In the event of default, the Settlement Amount shall be immediately due and payable, and interest shall accrue at the rate of 7% per annum compounded daily on the remaining unpaid principal balance, beginning seven (7) business days after delivery of the notice of default.  If the Settlement Amount, with all accrued interest, are not paid in full within seven (7) business days after delivery of the notice of default, the United States may, at its option: (a) seek specific performance of the Stipulation; (b) offset the remaining unpaid balance of the Settlement Amount from any amounts due and owing the Defendant by any department, agency or agent of the United States at the time of default; (c) reinstate this lawsuit; or (d) exercise any other rights granted by law, or under the terms of this

4

Stipulation, or recognizable at common law or in equity. The Defendant shall not contest any offset imposed or any collection action undertaken by the United States pursuant to this paragraph, either administratively or in any State or Federal court. In addition, the Defendant shall pay the United States all reasonable costs of collection and enforcement under this paragraph, including attorney's fees and expenses. In the event that the United States opts to rescind this Stipulation pursuant to this paragraph, the Defendant shall not plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims which relate to the Covered Conduct, except to the extent those defenses were available on date of the filing of the complaint in this action.

7.      The Defendant waives and will not assert any defenses it may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the United States Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the United States Constitution, this Stipulation bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of the Stipulation constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue Code, Title 26 of the United States Code or New York State Tax Law.

8.      The Defendant fully and finally releases the United States, its agencies, departments, employees, servants, and agents from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) which the Defendant has asserted, could have asserted, or may assert in the future against the United States, its agencies, departments,

employees, servants, and agents related to the Covered Conduct, and the United States'
investigation and prosecution thereof, and this Stipulation.

       9.        Defendant agrees to the following:

       a.        Unallowable Costs Defined: All costs (as defined in the Federal
Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Yonkers, and its
present or former officers, directors, employees, shareholders, and agents in connection with:

       (1)     the matters covered by this Agreement;

       (2)     the United States' audit and investigation of the matters covered by
this Agreement;

       (3)     Yonkers's investigation, defense, and corrective actions
undertaken in response to the United States' audit and
investigation in connection with the matters covered by this
Agreement (including attorney's fees);

       (4)     the negotiation and performance of this Agreement;

       (5)     the payment Yonkers makes to the United States pursuant to this
Agreement,

are unallowable costs for government contracting purposes (hereinafter referred to as
Unallowable Costs).

       b.        Future Treatment of Unallowable Costs: Unallowable Costs will be
separately determined and accounted for by Yonkers, and Yonkers shall not charge such
Unallowable Costs directly or indirectly to any contract with the United States.

       c.        Treatment of Unallowable Costs Previously Submitted for Payment:
Within 90 days of the Effective Date of this Agreement, Yonkers shall identify and repay by

adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by Yonkers or any of its subsidiaries or affiliates from the United States. Yonkers agrees that the United States, at a minimum, shall be entitled to recoup from Yonkers any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted requests for payment. The United States, including the Department of Justice and/or the affected agencies, reserves its rights to audit, examine, or re-examine Yonkers's books and records and to disagree with any calculations submitted by Yonkers or any of its subsidiaries or affiliates regarding any Unallowable Costs included in payments previously sought by Yonkers, or the effect of any such Unallowable Costs on the amount of such payments.

10.    This Stipulation is intended to be for the benefit of the parties only. The parties do not release any claims against any other person or entity, except as provided in this Stipulation. Until the Settlement Amount is fully satisfied, the Defendant shall maintain custody of, or make arrangements to have maintained, all documents and records of the Defendant related to the Covered Conduct.

11.    The Defendant expressly warrants that it has reviewed its financial situation and that it currently is solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and will not become insolvent following its payments of the Settlement Amount. Further, the parties expressly warrant that, in evaluating whether to execute this Stipulation, such parties (i) have intended that the mutual promises, covenants and obligations set forth herein constitute a contemporaneous exchange for new value given to the Defendant, within the meaning of 11 U.S.C. § 547(c)(1); and (ii) have concluded that these mutual promises, covenants and obligations do, in fact, constitute such a contemporaneous exchange. Further, the parties warrant

7

that the mutual promises, covenants, and obligations set forth herein are intended and do, in fact, represent a reasonable equivalent exchange of value which is not intended to hinder, delay or defraud any entity to which the Defendant was or became indebted on or after the Effective Date of this Stipulation, all within the meaning of 11 U.S.C. § 548(a)(1).

12.     If, within 91 days of the effective date of this Stipulation or within 91 days of any payment under this Stipulation, the Defendant commences, or a third party commences, any case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization or relief of debtors: (i) seeking to have any order for relief of the Defendant's debts; (ii) seeking to adjudicate the Defendant as bankrupt or insolvent; or (iii) seeking appointment of a receiver, trustee, custodian or other similar official for Defendant or for all or any substantial part of its assets, then:

        a.     Defendant's obligations under this Stipulation shall not be avoided pursuant to 11 U.S.C. § 547, and the Defendant shall not argue or otherwise take the position in any such case, proceeding or other action that: (i) the Defendant's obligations under this Stipulation may be avoided under 11 U.S.C. § 547; (ii) the Defendant was insolvent at the time this Stipulation was entered into, or became insolvent as a result of the payments made to the United States hereunder; or (iii) the mutual promises, covenants and obligations set forth in this Stipulation do not constitute a contemporaneous exchange for new value given to the Defendant.

        b.     In the event that the Defendant's obligations hereunder are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option, may rescind its agreement to this Stipulation, and bring any civil and/or administrative

8

claim, action or proceeding against the Defendant for the claims that would otherwise be covered by the release provided in paragraph 5, above. The Defendant: (i) shall not contend that any such claims, actions or proceedings brought by the United States are subject to an automatic stay pursuant to 11 U.S.C. § 362(a) as a result of the action, case or proceeding described in the first clause of this paragraph; (ii) the Defendant shall not plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any such civil or administrative claims, actions or proceedings which are brought by the United States within thirty (30) calendar days of written notification to the Defendant that the releases herein have been rescinded pursuant to this paragraph, except to the extent such defenses were available on the date the complaint was filed in this action; and (iii) the Defendant shall not contest the validity of a claim filed by the United States against the Defendant in the amount of $3,000,000, and the United States may pursue its claims in the case, action or proceeding referenced in the first clause of this paragraph, as well as any other case, action, or proceeding.

      c.     The Defendant's agreements in this paragraph are provided in exchange for valuable consideration provided in this Stipulation.

13.     Except as expressly provided to the contrary in this Stipulation, the United States and Defendant shall each bear their own legal and other costs incurred in connection with this matter, including the preparation and performance of this Stipulation.

14.     This Stipulation is governed by the laws of the United States. The parties agree that the exclusive jurisdiction and venue for any dispute relating to this Stipulation is the United States District Court for the Southern District of New York. The parties waive any objection that

any of them may now have or hereafter may have to this venue, whether concerning this Stipulation or for any related suit, action or proceeding, and consent to the jurisdiction of this Court and agree to accept and acknowledge service in any such suit, action or proceeding.

15.     For purposes of construction, this Stipulation shall be deemed to have been drafted by all parties to this Stipulation and shall not, therefore, be construed against any party for that reason in any subsequent dispute.

16.     Any failure by any party to this agreement to insist upon the strict performance of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and that party, notwithstanding that failure, shall have the right thereafter to insist upon strict performance of any and all of the provisions of this Stipulation.

17.     If any part of this Stipulation shall for any reason be found or held invalid or unenforceable by any court of competent jurisdiction, such invalidity or unenforceability shall not affect the remainder of this Stipulation, which shall survive and be construed as if such invalid unenforceable part had not been contained herein.

18.     This Stipulation constitutes the complete agreement between the parties. This Stipulation may not be amended, changed, modified or waived except in writing signed by all parties or their authorized representatives.

19.     The undersigned counsel represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons and entities indicated below.

20.     This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.  Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

21.     This Stipulation is binding on the Defendant's successors, transferees, heirs, and assigns.

22.    The Complaint is hereby dismissed, without prejudice to reinstatement in accordance with Paragraph 6 of this Stipulation.

23.    Any notices pursuant to this Stipulation shall be in writing and shall, unless expressly provided otherwise herein, be given by hand delivery, express courier, or facsimile transmission followed by postage prepaid mail, and shall be addressed as follows:

> **IF TO THE UNITED STATES:**
> Ellen London
> Assistant United States Attorney
> United States Attorney's Office
> Southern District of New York
> 86 Chambers Street, 3rd Floor
> New York, New York 10007
> Telephone: (212) 637-2737
> Facsimile: (212) 637-2702
>
> **IF TO DEFENDANT:**
> David S. Krakoff
> BuckleySandler LLP
> 1250 24th Street NW, Suite 700
> Washington, DC 20037
> Telephone: (202) 349-7950
> Facsimile: (202) 349-8080

24.    The effective date of this Stipulation is the date upon which this Stipulation is entered by this Court (the "Effective Date").

25.    The Defendant represents that this Stipulation and Order is freely and voluntarily entered into without any degree of duress or compulsion whatsoever and upon due deliberation with the advice of counsel.

11

Dated: New York, New York
Dec. 22 , 2014

                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York
                                        *Attorney for Plaintiff*

                        By:

                                        MARA E. TRAGER
                                        ELLEN LONDON
                                        Assistant United States Attorneys
                                        86 Chambers Street, 3rd Floor
                                        New York, New York 10007
                                        Tel.: (212) 637-2799/2737
                                        Email: mara.trager@usdoj.gov
                                                ellen.london@usdoj.gov

Dated: Washington, D.C.
Dec. 22 , 2014

                                        BUCKLEY SANDLER LLP
                                        *Attorneys for Defendant*
                                        *Yonkers Contracting, Inc.*

                        By:

                                        DAVID S. KRAKOFF
                                        1250 24th Street NW, Suite 700
                                        Washington, DC 20037
                                        Tel.: (202) 349-7950
                                        Email: dkrakoff@buckleysandler.com

SO ORDERED:

_____
UNITED STATES DISTRICT COURT JUDGE

                        Dated: Nov. 6, 2015